NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-411                                        Appeals Court


COMMONWEALTH  vs.  MELVIN LARK, JR.


No. 15-P-411.       July 13, 2016.


Assault and Battery.  Parent and Child, Discipline.  Practice,
    Criminal, Instructions to jury.


     Following a jury trial in the District Court, the
defendant, Melvin Lark, Jr., was convicted of assault and
battery.  The victim was his fiancée's eight year old son.  On
appeal, the defendant contends that the Commonwealth presented
insufficient evidence to disprove his parental privilege defense
and, in the alternative, that the judge's instruction on
parental privilege was erroneous.[1]  We affirm.

     1.  Background.  A school counsellor at the victim's school
informed the victim's mother that he needed a ride home because
he had been involved in an altercation with another student.
The mother, in turn, asked the defendant to pick up the victim
from the school.  Upon the defendant's arrival, the victim
refused to leave the school and then protested getting into the
defendant's Jeep.  A passerby noticed the defendant yelling at
the victim.  She watched as he got into the back seat and the
defendant got into the driver's seat.  Through the tinted
windows, the passerby saw the defendant reach into the back seat
and strike the victim several times.  The victim had his hands
up as the Jeep was "rocking."  In addition, the school
counsellor saw the commotion in the Jeep from a school window.
She ran outside, where she saw the defendant hitting the victim

_____

     [1] Neither party contends that the defendant did not stand in
loco parentis to the victim.  See Commonwealth v. Torres, 442
Mass. 554, 568 (2004), citing G. L. c. 265, § 13J(a).  See also
Commonwealth v. Packer, 88 Mass. App. Ct. 585, 590-592 (2015).

as he moved around in the back seat. The victim eventually jumped out of the Jeep and ran back to the school as the defendant drove away. At some point later, a friend of the victim's mother came to collect him and noticed that he had a scratch over his eye.

2. _Parental privilege defense_. Following the defendant's conviction, the Supreme Judicial Court issued Commonwealth v. Dorvil, 472 Mass. 1 (2015), which refined the common-law parental privilege affirmative defense to a charge of assault and battery. The Dorvil framework provides that "a parent or guardian may not be subjected to criminal liability for the use of force against a minor child . . . provided that (1) the force used against the minor child is reasonable; (2) the force is reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of the minor's misconduct; and (3) the force used neither causes, nor creates a substantial risk of causing, physical harm (beyond fleeting pain or minor, transient marks), gross degradation, or severe mental distress." Id. at 12. "[E]ach of the three prongs constitutes a question for the trier of fact," and the burden is on the Commonwealth to disprove at least one prong beyond a reasonable doubt. Id. at 13.

3. _Sufficiency of the evidence_. Citing the framework set forth in Dorvil, the defendant argues on appeal that the judge should have allowed his motion for a required finding of not guilty because the Commonwealth presented insufficient evidence to disprove each prong of the parental privilege framework. We disagree. Viewing the facts presented in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), a reasonable juror could have found that repeatedly striking the victim with sufficient force to rock a Jeep back and forth was unreasonable, and not for the purpose of safeguarding or promoting the child's welfare. "As with other affirmative defenses, . . . the Commonwealth bears the burden of disproving at least one prong of the defense beyond a reasonable doubt." Dorvil, supra. Having presented sufficient evidence to disprove at least two of the Dorvil prongs, the judge properly denied the defendant's motion.

4. _Parental privilege instruction_. At trial, the defendant requested an instruction on the defense of parental privilege, which the judge allowed. The instruction tracked the language of instruction 5.11 of the Massachusetts Superior Court Criminal Practice Jury Instruction (2013), and the language of Commonwealth v. O'Connor, 407 Mass. 663, 667 (1990), an earlier

case in which the court makes reference to the defense.  The instruction given here provided as follows:

> "A person acting in the position of a parent and who has assumed the responsibility of a parent may use reasonable force to discipline his minor child for the purposes of safeguarding or promoting the child's welfare.  When I talk about disciplining, I'm talking about those actions that are taken by a person or one acting in the position of a parent to control a child or to conform the child's behavior to a set of rules or pattern[s]. . . , this parent -- this person acting in the parent's position may not of course use excessive force as a means of discipline or chastising and it is up to the Commonwealth to prove beyond a reasonable doubt that the defendant was not so acting."

On appeal, the defendant argues that a new trial is required because the instruction did not precisely match the language in Dorvil.  In particular, he challenges the omission of the phrase "including the prevention or punishment of the minor's misconduct" following the instruction on safeguarding or promoting the child's welfare, Dorvil, supra at 12, as well as the addition of the phrase, not in Dorvil, that the action must be to "conform the child's behavior to a set of rules or pattern[s]."  These deviations, the defendant argues, eliminated the possibility that he could be lawfully using physical force to punish the victim as well as to control him.  The defendant further challenges the judge's failure to capture the "core concept" of Dorvil, i.e., the Commonwealth's burden to disprove, beyond a reasonable doubt, at least one prong of the three-prong framework.  Because there was no objection to the instruction as given, we review any error for a substantial risk of a miscarriage of justice, and find no such risk.

The judge's instruction incorporated the first two prongs of the Dorvil framework:  that reasonable or not excessive force may be used, and that the force must be applied for the purpose of safeguarding or promoting the child's welfare, including controlling the child or conforming the child's behavior to a set of rules.  The omission of the concept of "punishment" is inconsequential given the judge's choice of words.  Physical discipline, by its very nature, is a type of punishment for misconduct.  Whether it is privileged is a matter of degree concerning the force applied.  That concept is captured in the instruction given.  As for the Commonwealth's burden, while we agree that the judge's language could have been more artful, the jurors were fairly informed that the Commonwealth was required

to disprove, beyond a reasonable doubt, that the defendant was acting within the bounds of the privilege.  Finally, as for the omission of the third prong of the framework, we conclude that it had no material effect on the verdict where the Commonwealth presented ample evidence to disprove that the force used was reasonable, or for the purpose of safeguarding or promoting the child's welfare.  See Commonwealth v. Randolph, 438 Mass. 290, 297 (2002).[2]

Judgment affirmed.

Rachel T. Rose for the defendant.
Catherine P. Sullivan, Assistant District Attorney, for the Commonwealth.

---

[2] In light of the new framework on the parental privilege defense set forth in Dorvil, we recommend that the District Court Committee on Criminal Proceedings draft new model jury instructions consistent with the language of that case.  See Commonwealth v. Packer, 88 Mass. App. Ct. 585, 593 n.11 (2015).